### NUGENT *v.* ATLAS S. S. CO.

*(Supreme Court, General Term. First Department.    October 16, 1891.)*

NEGLIGENCE OF FELLOW-SERVANTS—LIABILITY OF MASTER.

> Plaintiff, while painting defendant's vessel, as servant of contractors, under a contract providing that defendant should furnish ropes for the staging, was injured by the fall of staging caused by the breaking of a rope.    It appeared that the staging was erected by other servants of the contractors; that while they were so engaged a few ropes were brought to them which were unfit for use, when a servant of defendant told them to use what ropes they could find; and that they then used the rope, which afterwards broke, which was part of the ship's rigging, and was obviously defective,—its condition not being noticed, though the man who used it testified that he was familiar with ropes.    It was not shown that any agent of defendant pointed out this rope as fit to be used.    *Held,* that defendant was not liable, even if the action of its servant amounted to a refusal to furnish proper ropes.    *Nugent* v. *Steam-Ship Co.,* (Sup.) 3 N. Y. Supp. 861, approved.

Appeal from circuit court, New York county.

Action by Dennis Nugent against the Atlas Steam-Ship Company.    The complaint was dismissed at the trial, and plaintiff appeals.    For former report, containing statement of facts, see 3 N. Y. Supp. 861.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Langbein Bros. & Langbein,* (*George F. Langbein,* of counsel,) for appellant.    *Wheeler, Cortis & Godkin,* (*Lawrence Godkin,* of counsel,) for respondent.

PER CURIAM.    This action was before the court upon a previous occasion, a judgment having been rendered for the plaintiff.    Upon that appeal, the judgment was reversed and a new trial ordered.    Upon the new trial the same evidence was introduced before the jury as had been introduced upon the first trial, and, in pursuance of the decision upon the previous appeal, the judge presiding dismissed the complaint, and from the judgment thereupon entered this appeal is taken.    Upon an examination of the record now presented, we see no reason to change the views expressed upon the previous appeal, which seem, moreover, to be sustained by the case of *Butler* v. *Townsend,* 126 N. Y. 105, 26 N. E. Rep. 1017.    For the reasons stated in the opinion upon the previous appeal, the judgment should be affirmed, with costs.