### THOMPSON v. LIBBEY et al.

#### (City Court of Brooklyn, General Term. June 27, 1892.)

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—EVIDENCE.

Plaintiff and his fellow carpenters were employed in building bins in a grain elevator, in the course of which it was necessary for them to use scaffolds. The scaffolds rested on cleats on the inside of the bins, nailed on by plaintiff and his fellows, and plaintiff was injured by the giving way of a scaffold, either because the cleats were insufficiently nailed, or because the pieces resting on them were sawed too short. There was ample material for safe scaffolding at hand. Held, that plaintiff was injured by the negligence of his fellow servants, and therefore not entitled to recover.

Appeal from trial term.

Action by Thomas Thompson against George E. Libbey and Frederick E. Keese to recover damages for personal injuries. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Geo. F. Elliott, for appellant. Jackson & Burr, for respondents.

VAN WYCK, J. Defendants, as contractors, were building a grain elevator. They employed about 50 carpenters, (including this plaintiff,) who were at the time of the accident upon which this suit is based, and had been for some 7 weeks prior thereto, engaged in constructing 60 large bins, about 12 feet square, and 50 feet high, and 48 smaller bins, about 6 feet square and 50 feet high. These bins were constructed by a system of interlocking or dovetailing, after the manner of a log cabin, with planks 2x8 inches, which were placed on the broad side, and spiked together, making the side walls thereof 8 inches thick, and all the bins were being carried up together. The carpenters worked on the inside of the bins, and every 5 feet they rose in their construction it was necessary to make a platform on the inside to enable the carpenters to reach their work, and this was done by the carpenters engaged in the building of the bins spiking on the inside thereof cleats on opposite sides, and then placing on these cleats 2x8 inch planks of the proper lengths, upon which the

workmen stood. The plaintiff testified: "It was the duty of the carpenters * * * to build this scaffold, just as much as it was to build the side work of the bin." The testimony shows that there was abundance of proper materials, including spikes, cleats, and planks, for the construction of those platforms; and it also establishes that the platform which gave way was built by one of plaintiff's fellow employes, engaged in the same kind of work which he himself had been engaged in for seven weeks, viz., the building up of the walls of these bins, and the constructing of such platforms as became necessary in the progress of the work. While the plaintiff was working on this platform it fell, and he was hurt. There is some doubt whether the cleats gave way because the carpenter had not used enough spikes, or whether the planks were cut too short by the carpenter to reach over and rest upon the cleats. Whichever it was, the fault therefor was that of a fellow servant of plaintiff engaged in the same kind of work, there being plenty of good spikes and proper planks. It is well settled that one employe cannot recover from the common employer for the negligence of another employe in the performance of the work incident to the common employment. *Hogan* v. *Field*, 44 Hun, 72; *McCormack* v. *Crawford*, 4 N. Y. St. Rep. 835; *Judson* v. *Village of Olean*, 116 N. Y. 655, 22 N. E. Rep. 555; *Butler* v. *Townsend*, 126 N. Y. 105, 26 N. E. Rep. 1017; *Nugent* v. *Steamship Co.*, (Sup.) 16 N. Y. Supp. 66. For these reasons, we think the judgment of dismissal of the complaint must be affirmed, with costs.